

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 19, 1995

Honorable Lynn Ellison
District Attorney
Atascosa County Courthouse
Circle Drive, No. 5A
Jourdanton, Texas 78026

Opinion No. DM-318

Re: Whether articles 2.12 and 2.13, Code of Criminal Procedure, authorize peace officers to enforce city ordinances (RQ-719)

Dear Mr. Ellison:

You ask "[w]hich peace officers are authorized by Articles 2.12 and 2.13, Texas Code of Criminal Procedure to enforce city ordinances." Article 2.12, captioned "Who are peace officers," contains 26 entries including "sheriffs and their deputies," "marshals or police officers of an incorporated city, town, or village," "law enforcement agents of the Texas Alcoholic Beverage Commission," "officers commissioned by the General Services Commission," "investigators commissioned by the Texas State Board of Medical Examiners," "investigators employed by the Texas Racing Commission," and "officers commissioned by the Texas High-Speed Rail Authority." Code Crim. Proc. art. 2.12 subsecs. (1), (3), (6), (9), (17), (20), (23). Article 2.13 provides:

> It is the duty of every peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried.

In our opinion articles 2.12 and 2.13 do not in themselves authorize any "peace officers" to "enforce city ordinances." The terms "offenses" and "penal law" in article 2.13 must, we think, refer to state law and not to municipal ordinances even where the latter are penal in nature.

Notably, article 2.13, rather than merely "authorizing," imposes a duty on "every peace officer" to enforce the law as provided there. We think it would be anomalous and that the legislature could not have intended that "every peace officer" listed in article 2.12, for example, a racing commission investigator, have a "duty" by virtue of arti.le 2.13 to

enforce ordinances of municipalities within his "jurisdiction," for example, ones pertaining to building code violations.[1]  We find no reported cases involving the enforcement of municipal ordinances by peace officers other than the marshals or police of the city itself. The authority of the latter to enforce city ordinances derives not, we think, from articles 2.12 and 2.13, but from the charter and/or ordinances of the city in conjunction and consistent with state law provisions specific thereto.  See, e.g., Local Gov't Code § 341.021 (marshal of type A general law municipality has same powers and jurisdiction "to execute warrants, to prevent and suppress crime, and to arrest offenders" as sheriff, and shall "perform other duties, not inconsistent with state law, that the governing body confers by ordinance"); V.T.C.S. art. 6701d, § 27 (local authorities may regulate traffic "by means of police officers").

It may be that certain other peace officers on the article 2.12 list can be given authority to enforce certain city ordinances under the proper circumstances, but again we do not think that this authority would derive from articles 2.12 and 2.13.  See, e.g., V.T.C.S. art. 46g (airport security personnel commissioned by political subdivision operating airport); Local Gov't Code ch. 362 (mutual law enforcement assistance provided for by agreement of counties, municipalities, and/or joint airports).  Since your question is limited to the effect of articles 2.12 and 2.13, we do not attempt here to resolve which peace officers may under other laws, ordinances, etc. be lawfully given authority to enforce municipal ordinances.

### S U M M A R Y

Code of Criminal Procedure articles 2.12 and 2.13 do not in themselves authorize peace officers to enforce city ordinances.

Yours very truly,

DAN MORALES
Attorney General of Texas

---

[1]See, e.g., Angel v. State, 740 S.W.2d 727, 734 (Tex. Crim. App. 1987), in which a divided court opined that the term "jurisdiction" as used in article 2.13 "refers to the geographic scope of a peace officer's power, rights, and authority."

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General